## **ORDER REGARDING RULE 7.1**

It has come to the undersigned's attention that many parties with cases pending before the court have failed to comply with Rule 7.1 of the Federal Rules of Civil Procedure. Rule 7.1 addresses corporate disclosure statements and provides:

> **(a) Who Must File; Contents.** A nongovernmental corporate party must file . . . a disclosure statement that:
>
> > **(1)** identifies any parent corporation and any publicly held corporation owning 10% or more of its stock; or
> >
> > **(2)** states that there is no such corporation.
>
> **(b) Time to File; Supplemental Filing.** A party must:
>
> > **(1)** file the disclosure statement with its first appearance, pleading, petition, motion, response, or other request addressed to the court; and
> >
> > **(2)** promptly file a supplemental statement if any required information changes.

FED. R. CIV. P. 7.1.

Therefore under Rule 7.1, all corporate parties, other than governmental entities, have an obligation to file such a disclosure notice at the time of the "first appearance, pleading, petition, motion, response, or other request addressed to the court" and also have a duty to promptly notify the court of any material changes to this disclosed information. The court interprets "corporate party" to include limited liability companies. *See* FED. R. CIV. P. 7.1 advisory committee note (in furtherance of Rule 7.1's purpose of facilitating "informed [financial] disqualification decisions" of judges, the

Rule allows courts to require additional disclosures); c*f.* 11TH CIR. R. 26.1-2(a) (requiring certificate of interested persons to "contain a complete list of all . . . identifiable legal persons related to a party."). Accordingly, all counsel are **DIRECTED** to review their case(s) to see if they represent an entity that must file a Rule 7.1 notice. If Rule 7.1 is triggered and the record lacks such a notice, then one must be filed within 14 days from the entry date of this order.  If Rule 7.1 does not apply to any party in the case or if Rule 7.1 has already been complied with by all parties to whom it applies, then the parties do not have to do anything further.[1]

**DONE** and **ORDERED** this the 11th day of May, 2016.

*[signature]*

**VIRGINIA EMERSON HOPKINS**
United States District Judge

---

[1]   With the notable exception of any duty to supplement the corporate disclosure notice which has already arisen or which may arise in the future.